Day, J.
The district court, it appears from the record, held that an administrator de bonis non can not maintain an action on the bond of his predecessor, whose powers ceased by death, unless the amount due to him as such administrator from the estate of the deceased administrator, has been first ascertained by the probate court.
"We do not concur in this holding; for, whether such amount be so ascertained or not, without statutory aid, no action could be maintained by the administrator de bonis non on the bond (Curtis v. Lynch, 19 Ohio St. 892), and the statute on which the action is founded, passed April 7, *179 1854 (S. & C. 619), contains no such prerequisite to the right of action.
It is only when an action is brought on an administration bond by a creditor, legatee, widow, or other distributee, under sections 182 and 183 of the “ act to provide for the settlement of the estates of deceased persons,” passed March 23, 1840 (S. & C. 566), that the plaintiff' is required, by the provisions of the statute, to allege and prove his right to a sum determinate and certain, liquidated by allowance, judgment, order, or award. State v. Cutting, 2 Ohio St. 1; Dawson v. Dawson, 25 Ohio St. 443.
The reason of this statutory distinction is obvious. In one class of cases, the action is brought for the private benefit of the party instituting the suit, for whom the law provides plain and adequate modes for the judicial determination of the amount due to him from the estate, before resorting to a suit on the bond to enforce its payment. In the other, the action on the bond by the administrator de bonis non is for the benefit of all interested in the estate he represents, and, it would seem, is the only mode provided by law for enforcing a determination of the amount due to the estate.
The district court, therefore, were not warranted in reversing the judgment of the common pleas, for the reason ■assigned in the record.
But it is claimed that, although the district court reversed the judgment of the common pleas for a wrong reason, the judgment of reversal must be sustained for error in the common pleas in refusing to give the charges to the jury requested by the defendant, and in overruling his motion for a new trial.
Three propositions were requested to be given in the charge. The first, that the plaintiff could recover only upon proof of an amount previously adjudged to be due to the estate he represents, the court properly refused, for the reasons already stated. The second and third propositions were properly refused, for they tended to mislead the jury into a belief that the burden of proof does not rest on the *180 representatives of the deceased administrator to account for the property proved by his inventory to have come into his hands, and also that they could find for the plaintiff only in case the estate had sustained a loss by the neglect of the deceased administrator to make his settlement as required by law, and, in any event, could recover no greater amount than what had been lost or wasted by such negligence, although there might remain in his hands assets unadministered and unaccounted for, but not lost nor wasted by his negligence.
The defendant moved for a new trial on the ground that the verdict was against the evidence. Thereupon the plaintiff, by leave of the court, without objection or exception on the part of the defendant, voluntarily entered a remittitur of a large amount of the verdict, and the court overruled the motion, to which the defendant excepted.
We can not say from the evidence that the verdict of the jury, so far as regards the finding of the issue in favor of the plaintiff, was unsustained by the evidence, or was influenced by passion or prejudice, though the amount found to be due was questionable. The remittitur, however, removed this objection; and upon the authority of the holding in Durrell v. Boyed, 9 Ohio St. 72, and Pendleton Street R. R. Co. v. Rahmann, 22 Ohio St. 446, we are constrained to hold that there was no error in overruling the motion.
Various exceptions were also taken by the defendant on the trial to the admission of evidence, some of which rested on points already disposed of, and others, manifestly not well taken, are not of sufficient importance to be further noticed than to say that, after careful consideration, on the whole record of the common pleas as it came before the district court, we think there was no substantial error to the prejudice of the defendant.
It follows that the judgment of the district court, reversing that of the common pleas, was erroneous; that its judgment, together with that of the common pleas subsequently rendered in pursuance thereof, must be reversed; *181 and that the judgment of the common pleas so reversed must be affirmed.

Judgment accordingly.